IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO: _____ |
| v. | : | DATE FILED: _____ |
| DOMENICK J. DEMURO | : | VIOLATIONS:<br>18 U.S.C. § 241 (conspiracy to deprive persons of civil rights - 1 count)<br>18 U.S.C. § 1952 and 2 (Travel Act - 1 count) |

## INFORMATION

## COUNT ONE

THE UNITED STATES ATTORNEY CHARGES THAT:

At all times material to this information:

1. Defendant DOMENICK J. DEMURO was a Judge of Elections for Philadelphia's 39th Ward, 36th Division. Defendant DEMURO also served as a Committee Person for the Democratic Party and the Democratic Chairman of Ward 39a in the City of Philadelphia.

2. The Judge of Elections is an elective office and a paid position in which the election official earns approximately $120.00 per election. The Judge of Elections is responsible for overseeing the entire election process and voter activities of his Division. Each Judge of Elections is charged with overseeing the Division's polling place in accordance with federal and state election laws. The Judge of Elections is required to attend Election Board Training conducted by the Philadelphia City Commissioners.

3. The Judge of Elections is assisted by other Election Board Officials in his or her Division, including the Majority Inspector, Minority Inspector, Clerk, and Machine Inspector. The Majority Inspector and Minority Inspector are elective offices. The Clerk is appointed by the Minority Inspector, and the Machine Inspector is appointed by Philadelphia's City Commissioners. The Majority Inspector, Minority Inspector, and Clerk assist the Judge of Elections in overseeing the election process at a particular polling place, and they receive assignments from the Judge of Elections to enforce voting regulations and procedures. The Machine Inspector sets up the Voting Machines, resets the machines after each voter, and instructs voters in the use of the Voting Machines.

4. Each polling station, including the 39th Ward, 36th Division, maintains a List of Voters and Party Enrollment which documents the name, party affiliation, and order of appearance of each voter who appears at the polling station to cast his or her ballot in the election. The Lists of Voters and Party Enrollment are maintained as official records by the Philadelphia City Commissioners.

5. The Voting Machines at each polling station, including the 39th Ward, 36th Division, generate records in the form of a printed receipt ("results receipt") documenting the use of each Voting Machine which contain: a.) the Opening Zero Count; b.) the Election board Officials' Opening Certification signatures, c.) any Write-in Votes, and d.) Vote Totals. The Judge of Elections and the Election Board Officials at each polling place attest to the accuracy of machine results by affixing their signatures to the last page of the results receipt.

6. The results receipt from each Voting Machine documenting the ballots cast in an election is placed in a vinyl Cartridge-Results Bag for pickup by a Philadelphia Police Officer

after the close of the polls. At the end of Election Day, the Cartridge-Results Bag contains: a.) the paper results receipt; b.) the memory cartridge from each Voting Machine; and, c.) Absentee Voter Lists. These official election records are transported by a Philadelphia Police Officer to a regional center where the voting data is downloaded and tabulated. After the election, the records transported in the Cartridge-Results Bag are stored and maintained at the office of the Philadelphia City Commissioners at Riverview Place, Delaware Avenue and Spring Garden Streets in Philadelphia.

7. Consultant # 1 was a political consultant and former elected official. As a political consultant, Consultant # 1 held himself out as an effective and successful political operative capable of ensuring his clients' electoral success. Consultant # 1 exercised influence and control in Philadelphia's 39th Ward by distributing cash payments and supporting family, friends, and allies for elective office in the 39th Ward, and installing Ward Leaders, Judges of Elections, and Democratic State Committee Persons.

8. Judicial Candidates #1, #2, and #3 were candidates running for Judge of the Court of Common Pleas in the First Judicial District of Pennsylvania. Judicial Candidates #1, #2, and #3 hired Consultant # 1 to help them get elected to the Court of Common Pleas.

9. Consultant # 1 gave defendant DOMENICK J. DEMURO directions and paid him money to add votes to candidates supported by Consultant # 1, including candidates for judicial office whose campaigns actually hired Consultant # 1, and other candidates for various federal, state, and local elective offices preferred by Consultant # 1 for a variety of reasons. During the 2015 primary election, Consultant # 1 paid defendant DOMENICK J. DEMURO to fraudulently add votes on behalf of Judicial Candidates #1, #2, and #3, among others.

10.     From at least in or around April 2014 through at least in or around June 2016, in the Eastern District of Pennsylvania, and elsewhere, defendant

**DOMENICK J. DEMURO**

conspired and agreed with Consultant # 1, and others known and unknown to the United States Attorney, to willfully injure, impede, impair, and oppress certain legally qualified electors of the United States, being all voters of the 39th Ward, 36th Division, in the City of Philadelphia, in the free exercise and enjoyment of their right and privilege, secured under the Constitution and laws of the United States, of exercising their right to vote undiluted by false and fraudulent ballots and tallies in the 39th Ward, 36th Division in the City of Philadelphia.

**MANNER AND MEANS**

It was part of the conspiracy that:

11.     Consultant # 1 would solicit monetary payments from his clients, candidates for elective office, in the form of cash or checks as "consulting fees." Consultant # 1 would then take portions of these funds from his clients and make payments to Election Board Officials, including defendant DOMENICK J. DEMURO, in return for defendant DEMURO and other Election Board officials tampering with the election results.

12.     After receiving payments ranging from between $300 to $5,000 per election from Consultant # 1, defendant DOMENICK J. DEMURO would add fraudulent votes - also known as "ringing up" votes - for Consultant # 1's clients and preferred candidates in the 39th Ward, 36th Division, thereby diluting and distorting the ballots cast by actual voters.

13.     Consultant # 1 would relay instructions to defendant DOMENICK J. DEMURO via cellular telephones capable of interstate transmissions regarding which candidates defendant DEMURO should "ring up" or add fraudulent votes to their totals during Election Day in the

39th Ward, 36th Division.

14.   After the polls closed on Election Day, defendant DOMENICK J. DEMURO was required to certify the Voting Machine results from the 39th Ward, 36th Division, by attesting to the accuracy of the paper results receipt placed in the Cartridge-Results Bag with the memory cartridge from each Voting Machine for delivery to the City Commissioners.

## OVERT ACTS

In furtherance of this conspiracy, defendant DOMENICK J. DEMURO, along with Consultant # 1 and others, committed the following overt acts, among others, in the Eastern District of Pennsylvania:

1.   On or about May 20, 2014, defendant DOMENICK J. DEMURO, and others known and unknown to the United States Attorney, added 27 fraudulent ballots during the primary election in the 39th Ward, 36th Division on behalf of Consultant # 1's client candidates running for Judge of the Court of Common Pleas in the First Judicial District of Pennsylvania.

2.   On or about May 20, 2014, defendant DOMENICK J. DEMURO, and others known to the United States Attorney, certified the results receipt documenting 118 ballots cast during the primary election in the 39th Ward, 36th Division, even though only 91 voters physically appeared at the polling station to cast ballots.

3.   On or about May 20, 2014, after the polls closed, defendant DOMENICK J. DEMURO and others known to the United States Attorney turned in to the office of the Philadelphia City Commissioners the results receipts from voting Machine # 021873 and Machine # 021874 documenting 118 ballots cast during the primary election in the 39th Ward,

36th Division, even though only 91 voters physically appeared at the polling station to cast ballots.

4. In May of 2015, Consultant # 1 gave defendant DOMENICK J. DEMURO approximately $1000 in cash in exchange for defendant DEMURO adding fraudulent votes during the primary election in the 39th Ward, 36th Division on behalf of Judicial Candidate # 1 running for Judge of the Court of Common Pleas in the First Judicial District of Pennsylvania.

5. In May of 2015, Consultant # 1 gave defendant DOMENICK J. DEMURO approximately $500 in exchange for defendant DEMURO adding fraudulent votes during the primary election in the 39th Ward, 36th Division on behalf of Judicial Candidate # 2 running for Judge of the Court of Common Pleas in the First Judicial District of Pennsylvania.

6. In May of 2015, Consultant # 1 gave defendant DOMENICK J. DEMURO approximately $1000 in exchange for DEMURO adding fraudulent votes during the primary election in the 39th Ward, 36th Division on behalf of Judicial Candidate # 3 running for Judge of the Court of Common Pleas in the First Judicial District of Pennsylvania.

7. On or about May 19, 2015, defendant DOMENICK J. DEMURO, and others known and unknown to the United States Attorney, added 40 fraudulent ballots during the primary election in the 39th Ward, 36th Division on behalf of Consultant # 1's client candidates running for Judge of the Court of Common Pleas in the First Judicial District of Pennsylvania and Consultant # 1's preferred candidates for other state and local offices.

8. On or about May 19, 2015, Consultant # 1 called defendant DOMENICK J. DEMURO immediately prior to the opening of the polls on primary Election Day to discuss their plans to add votes.

9. On or about May 19, 2015, Consultant # 1 called defendant DOMENICK J. DEMURO shortly after the polls closed on primary Election Day to confirm that votes had been added to support Consultant #1's clients and preferred candidates.

10. On or about May 19, 2015, after the polls closed, defendant DOMENICK DEMURO, and others known to the United States Attorney, turned in to the office of the Philadelphia City Commissioners the results receipts from voting Machine # 021873 and Machine # 021874 documenting 259 ballots cast during the primary election in the 39th Ward, 36th Division, even though only 219 voters physically appeared at the polling station to cast ballots.

11. On or about April 26, 2016, defendant DOMENICK J. DEMURO and others known and unknown to the United States Attorney added 46 fraudulent ballots during the primary election in the 39th Ward, 36th Division on behalf of Consultant # 1's preferred candidates running for election to federal, state, and local offices.

12. On or about April 26, 2016, after the polls closed, defendant DOMENICK J. DEMURO, and others known to the United States Attorney, turned in to the office of the Philadelphia City Commissioners the results receipts from voting Machine # 021873 and Machine # 021874 documenting 266 ballots cast during the primary election in the 39th Ward, 36th Division, even though only 220 voters physically appeared at the polling station to cast ballots.

In violation of Title 18, United States Code, Section 241.

## COUNT TWO

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

    1.    Paragraphs 1 through 9 and Overt Acts 1 through 12 of Count One are incorporated herein by reference.

    2.    The laws of the Commonwealth of Pennsylvania, specifically, 18 Pa.C.S.A. §4701, provide that bribery is a violation of the laws of the Commonwealth of Pennsylvania.

    3.    On or about May 19, 2015, in the Eastern District of Pennsylvania and elsewhere, defendant

**DOMNECK J. DEMURO,**

aided and abetted by Consultant # 1 and others, known and unknown to the United States Attorney, used a facility in interstate and foreign commerce, namely a cellular telephone, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on, of an unlawful activity, that is, bribery in violation of 18 Pa.C.S.A. §4701, and thereafter committed and attempted to commit an act of bribery by fraudulently adding votes in exchange for money to further such unlawful activity.

In violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

for _____
WILLIAM M. McSWAIN
UNITED STATES ATTORNEY

for _____
COREY R. AMUNDSON
CHIEF, PUBLIC INTEGRITY
SECTION, CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

No.\_ \_ \_ \_ \_ \_ \_ \_ \_ \_

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

DOMENICK J. DEMURO

**INFORMATION**

Counts
18 USC Section 241 (Conspiracy to Deprive Persons of Civil Rights – 1 count)
18 USC Sections 1952 and 2 (Travel Act -1 count)

A true bill.

_____
Foreman

Filed in open court this _____ day,
Of _____ A.D. 20 _____

_____
Clerk

Bail, $ _____